**FILED**
**SEPTEMBER 21, 2009**
KAREN S. MITCHELL
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| BRIAN DE WARD, PRO SE, § <br> TDCJ-CID No. 1426930, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> GARY GOMEZ, NFN MORALES, § <br> NFN MENDOZA, NFN JANICK, § <br> NFN OTTS, NFN JONES, NFN SLOAN, § <br> NFN BAKER, NFN GOODWILL, § <br> UNNAMED WARDEN JESTER 4, § <br> BEN WHITE, PAMELA WILLIAMS, § <br> PAROLE & PARDONS, § <br> UNNAMED WARDEN WALLS UNIT, § <br> UNNAMED WARDEN GOREE UNIT, § <br> CLYDE COLLINS, and KITRIS KIRK, § <br> § <br> Defendants. § | 2:09-CV-0204 |

**REPORT AND RECOMMENDATION**

Plaintiff BRIAN DE WARD, acting pro se, filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-referenced defendants and requests permission to proceed in forma pauperis.

On August 24, 2009, the Court issued a Notice of Deficiency requiring plaintiff to submit an In Forma Pauperis Data Sheet showing the history of his inmate trust account for the previous six-month period. Plaintiff responded by filing a second motion to proceed in forma pauperis, without the necessary supporting financial disclosure in the form of an I.F.P. Data Sheet.

Without the statutorily-mandated financial disclosure, the Court cannot grant plaintiff's request for pauper status.

In addition, on August 24, 2009, the Court issue an Order to Amend Complaint informing

plaintiff he had submitted a complaint complaining of acts by defendants outside the Northern District of Texas, stretching back to 2001, well beyond the two-year statute of limitations. Plaintiff was instructed he had not provided a short and plain statement of his claim against each defendant in compliance with Federal Rules of Civil Procedure 8 and that his complaint was illegible. Plaintiff was ordered to file an amended complaint setting forth a short and plain statement of his claim against each defendant showing entitlement to relief, in compliance with Federal Rules of Civil Procedure 8.

On September 1, 2009, plaintiff filed an Amended Complaint and, on September 3, 2009, plaintiff filed a single page entitled "Statement of Claim".

The Court has reviewed plaintiff's Amended Complaint and finds it does not comply with the instruction that the amended complaint set forth "a short and plain statement of his claim against each defendant showing entitlement to relief, in compliance with Federal Rules of Civil Procedure 8."

Plaintiff's September 1st amended complaint, even when read with the September 3rd "Statement of Claim," is incoherent and consists of unconnected phrases stating, at best, vague, conclusory claims against unspecified defendants and containing no factual allegations showing entitlement to relief.

Plaintiff's amended complaint does not comply with Rule 8, Federal Rules of Civil Procedure.

Plaintiff has refused to provide the necessary financial disclosure and has failed to submit a complaint in compliance with Rule 8, Federal Rules of Civil Procedure.

**CONCLUSION**

For the reasons set forth above, it is the RECOMMENDATION of the Magistrate Judge to the United States District Judge that the Civil Rights Complaint by plaintiff BRIAN DE WARD filed pursuant to Title 42, United States Code, section 1983 be DISMISSED WITHOUT PREJUDICE FOR FAILURE TO COMPLY WITH RULE 8, FEDERAL RULES OF CIVIL PROCEDURE AND FOR FAILING TO OBEY THE COURT'S ORDER TO PROVIDE THE SUPPORTING FINANCIAL DISCLOSURE TO ALLOW CONSIDERATION OF HIS REQUEST FOR PAUPER STATUS.

INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 21st day of September 2009.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE


**\* NOTICE OF RIGHT TO OBJECT \***

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local

Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).